# WASHINGTON & ROCKVILLE RAILWAY COMPANY *v.* LA FOURCADE.

VARIANCE; REQUESTED INSTRUCTIONS COVERED BY CHARGE; DAMAGES; DEPRECIATION OF DOLLAR.

1. Proof that plaintiff's abdominal contents were generally disarranged, the right kidney loose and out of place, the stomach below its proper position, and the intestines sagged, resulting from a neurasthenic condition and low vitality caused by the accident, is properly admitted, in an action for personal injuries, under a declaration that her abdomen was shocked, bruised, strained, wounded, and injured.

2. A requested instruction is properly refused, where it is covered by the charge to the jury.

3. The jury, in estimating the damages for personal injuries, may take into consideration the fact that the value of a dollar has greatly depreciated since the accident.

No. 3180.    Submitted January 10, 1919.    Decided February 3, 1919.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to ascertain the amount of damages for personal injuries, the liability of defendant being conceded.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Roger J. Whiteford,* for the appellant, in his brief cited:

*Arnold* v. *Merriville,* 110 Mo. App. 254; *Bagully* v. *Morning Journal Asso.* 38 App. Div. 522; *Brown* v. *Manhattan R. Co.* 105 App. Div. 395; *Brown* v. *Swineford,* 44 Wis. 290; *Eggers* v. *Hardwick,* 155 Ill. App. 254; *Ehrgott* v. *Mayer,* 96 N. Y. 264; *Ellicott* v. *Lamborne,* 2 Md. 131; *Finn* v. *Adrian,* 93 Mich. 504; *Flatham* v. *Tumilty,* 34 Mo. App. 240; *Fulton* v. *United*

*States,* 45 App. D. C. 53; 2 Greenleaf, Ev. 16th ed. sec. 254; *Keefe* v. *Lee,* 197 N. Y. 68; *Kleiner* v. *Third Ave. R. Co.* 162 N. Y. 193; *Knights of Maccabees* v. *Shields,* 162 Ky. 392; *Lockwood* v. *R. R. Co.* 92 App. Div. 112; *Louisville R. R. Co.* v. *Henry,* 180 S. W. 74; *McTavish* v. *Carroll,* 13 Md. 429; *People* v. *Fielding,* 158 N. Y. 542; *Piltz* v. *Yonkers R. R. Co.* 83 App. Div. 30; *Refter* v. *R. Co.* 139 Ill. App. 81; *R. R.* v. *Adams,* 6 Tex. App. 102; *R. R.* v. *Beasley,* 29 S. W. 1121; *R. R.* v. *Doyal,* 142 S. W. 610; *R. R.* v. *Gaugh,* 133 Ky. 467; *R. R.* v. *Martin,* 98 Tex. 344; *R. R.* v. *Patterson,* 9 App. D. C. 437; *R. R.* v. *Sullivan,* 178 S. W. 615; *R. R.* v. *Warlick,* 35 S. W. 235; *Southwestern Teleph. & Teleg. Co.* v. *Taylor,* 118 S. W. 188; *Spalm* v. *R. R. Co.* 3 Boyce (Del.) 302; *Union P. R. Co.* v. *Botsford,* 141 U. S. 251; *Waldron* v. *Waldron,* 156 U. S. 376; *Washington & G. R. Co.* v. *Dashiell,* 7 App. D. C. 507; *Wilkins* v. *Express Co.* 98 App. Div. 130.

*Mr. Arthur Peter* for the appellee.

*Mr. Justice* VAN ORSDEL delivered the opinion of the Court:

This is an action to ascertain the amount of damages that should be awarded appellee, Mahala A. La Fourcade, plaintiff below, for personal injuries sustained while a passenger on one of defendant company's cars. The liability of defendant, Washington & Rockville Railway Company of Montgomery county, was conceded. This appeal is based upon certain errors alleged to have been committed in the course of the trial, which resulted in a verdict and judgment for plaintiff in the sum of $4,800.

Plaintiff, in her declaration, after the charge of negligence, which is admitted, described the injuries as follows: "Whereby and in consequence of which the plaintiff was thrown violently upon one of the seats of the car in which she was then riding, and her back thereby shocked, bruised, strained, injured, and wounded, and her abdomen shocked, bruised, strained, wounded, and injured, and her spinal column and the cord

thereof shocked, strained, wounded and injured, and her heart shocked and injured, and her nervous system shocked and permanently deranged and injured, in consequence of which the plaintiff suffered, still suffers, and will hereafter continue to suffer, great mental and bodily pain and anguish, and was for a long time confined to her bed and room, and prevented from sleeping and attending to her usual duties as a house-keeper; and her ability to perform such duties will hereafter ʰe permanently impaired and prevented."

It is insisted by counsel for defendant that there is a fatal variance between the allegations and proof. The physicians, who were summoned as experts, testified in substance that plaintiff's abdominal contents were generally disarranged, the right kidney was loose and out of place, the stomach was below its proper position, and the intestines were sagged, resulting from a neurasthenic condition and low vitality caused by the accident. There was also evidence of the abnormal action of the heart attributed to an injury to her nervous system. It is urged that the declaration should have specifically alleged injury to the kidneys and the abdominal organs; and, failing in this particular, evidence of such injuries was erroneously admitted under the minutely specific allegations in the declaration.

We think defendant has no ground for complaint because of a supposed variance. Formerly the rule in respect of variance was applied with great strictness; but the tendency of modern decisions, both State and Federal, is more liberal and reasonable. The rule of the State courts is that no variance between the allegation and proof will be deemed material unless it be such as to interfere with a proper disposition of the issue on its merits. The Federal rule is not different, unless, indeed, it be more liberal. "Undoubtedly, the rule is that the proofs must correspond with the allegations in the declaration, but the requirement in that behalf is fulfilled if the substance of the declaration is proved." *Nash* v. *Towne,* 5 Wall. 689, 698, 18 L. ed. 527, 528.

While there must be a direct relation between the allegation

and proof, it is sufficient if they substantially correspond.    The right of amendment is liberally recognized in the Federal courts, and the original Judiciary Act directs that judgment shall be given according to law and the right of the cause.    1 Stat. at L. 91, chap. 20.    No attempt was here made by defendant to require a statement of greater particularity from the plaintiff, but reliance is placed upon an objection to the evidence generally, which, we find, substantially, at least, responds to the allegations in the declaration, and this is all that is required.

During the trial, while plaintiff was testifying under cross-examination, counsel for defendant requested her to submit to an examination by a physician to be selected by defendant railway company.    A similar request was made to counsel for plaintiff prior to the trial, but it had not been conveyed to plaintiff.    Counsel for plaintiff, however, stipulated certain terms and conditions upon which such an examination could be made, and requested permission to read them to the jury.    The request was denied upon objection of defendant.    At the close of the testimony, counsel for defendant offered the following prayer: "The jury are instructed that, in the consideration of the injuries claimed by the plaintiff, for which she seeks to recover damages, they may take into consideration her refusal to submit to an examination by a physician for the defendant company as bearing upon her good faith and her failure to produce the best evidence in her power."    The refusal of the court to grant this prayer is assigned as error.

In the general charge the court instructed the jury "that, in the determination of the extent of the injuries claimed by the plaintiff, you have a right to consider, as bearing upon her good faith in alleging her injuries, the fact that the plaintiff refused unconditionally to submit to a physical examination by a physician selected by the defendant, upon a request made by defendant some months before the trial and again at the time of the trial; and also that plaintiff agreed to be examined upon certain conditions to be named by the plaintiff herself, and, in this connection, you are charged that the request

unconditionally for an examination has been held as a matter
of law to be a reasonable request on behalf of the defendant;
but, on the other hand, the court says to you that while it
is a reasonable request which, upon the unconditional refusal
to permit, you have the right to consider whether it bears upon
the good faith of the plaintiff; that it is also a request which
the plaintiff is not compelled, as a matter of right, to accede
to.   In other words, the entire circumstances of the evidence
in the case, together with the refusal to submit to a physical
examination by a physician of defendant's selection at a rea-
sonable time, are to be taken into consideration by you, and
with the right to consider that as bearing upon her good faith,
the circumstances under which a conditional offer to an exami-
nation was made are also to be weighed by you; and it is for
you, as a matter of fact, to determine whether or not, by the
refusal to permit unconditionally a physical examination by
the defendant's physician, there is evidence of bad faith in the
injuries which are alleged to have been sustained."

We think the charge covered in a more comprehensive way
all that defendant was entitled to in his prayer.   It is diffi-
cult to understand in just what way defendant can claim to be
prejudicial by the refusal of plaintiff to submit to an examina-
tion.   Following the accident, she was attended by a physi-
cian in the employ of defendant company, who examined her
from time to time and testified to her condition.   The last
examination was made but a few days before the trial.   His
testimony is in harmony with that of the other four physicians,
who testified as experts in the case.   Hence, it is proper to
assume that further examination and testimony would have
been merely cumulative.

Exception was taken to the following statement made by
counsel for plaintiff in the course of his argument to the jury:
"That although the accident happened several years before, yet
the jury were giving compensation now, and that $10,000
now is only equal to $5,000 five years ago."   The court prop-
erly instructed the jury as to the elements to be considered
in estimating the damages to be assessed, and at the time the

statement was made announced that "the test is, What is a fair compensation for the injuries sustained at this time?"

We think it was competent for the jury, in order to arrive at a just compensation, to take into consideration a condition directly affecting their decision, especially where, as here, the matter in question—the present value of the dollar—is elemental, within the knowledge and experience of men in general, and based upon an economic principle notoriously accepted as true. The dollar is merely a representative of value,—a medium of exchange, the value of which is fixed by its purchasing power. That power varies relatively with the shifting conditions which control the exchange of things capable of valuation. Damage is a thing capable of valuation. Hence, in measuring it in dollars, it is competent for the jurors to take into consideration those conditions, social and economic, which at the time are generally known and acknowledged to exist, and which from universal experience are applied by mankind in fixing values. If it was proper for the jury to apply these established and universal principles in arriving at a just verdict, it is not clear just how defendant could be prejudiced by the statement of counsel.

The judgment is affirmed, with costs.                *Affirmed.*